UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,

                    Plaintiff,

-against-

AMGUARD INSURANCE COMPANY,

                    Defendant.
------------------------------------------------------------------------X

Civil Action No.
_____

**COMPLAINT FOR DECLARATORY RELIEF**

COMES NOW the Plaintiff, Travelers Property Casualty Company of America ("Travelers"), by and through its undersigned counsel, Reid & Associates, and requests judgment in its favor and against the Defendant, AmGUARD Insurance Company ("AmGUARD"), and in support of such request states as follows:

## THE PARTIES

1. Travelers is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business located at One Tower Square, Hartford Connecticut.

2. AmGUARD is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business located at 16 South River Street, Wilkes-Barre, Pennsylvania.

## SUMMARY OF THE DISPUTE

3. Travelers is providing a defense to Angelo and Pauline Gionis (collectively "the Gionis") in a lawsuit entitled, *Beverly Williams v. Angelo Gionis, Pauline Gionis, Fancy Varieties, Inc., The City of New York, and New York City Department of Transportation,* Index Number

1

709672/2019, in the Supreme Court of the State of New York, County of Queens (hereinafter the "Underlying Action").

4. Travelers seeks declarations that, because the Gionis are insureds under the policy of insurance issued by AmGUARD, AmGUARD has the affirmative duties to defend and indemnify the Gionis in the Underlying Action on a primary, non-contributory basis.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 and under the Declaratory Judgment Act, 28 U.S.C. § 2201, as the citizenship of the parties is diverse and the amount in controversy is in excess of $75,000.00.

6. The United States District Court for the Eastern District of New York is the proper venue for this action under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 123(b)

## THE UNDERLYING ACTION

7. Beverly Williams ("Williams") filed the Underlying Action on or about June 3, 2019. A true and correct copy of the Complaint in the Underlying Action ("the Underlying Complaint") is attached as Exhibit "A." The allegations made in the Underlying Complaint are incorporated by reference into this Complaint; however, Travelers does not admit to the truth of those allegations.

8. In the Underlying Action, Williams alleged that on or about March 31, 2018, she fell and suffered injuries on the sidewalk adjacent to the premises located at 168-30 Hillside Avenue, Jamaica, New York 11432 where Fancy Varieties, Inc. was operating its business (the "Leased Premises").

9. Underlying Plaintiff alleged theories of premises liability against the Gionis and Fancy Varieties, Inc.

10. The Gionis, as landlord, entered into a lease with Fancy Varieties, Inc., as tenant, for the Leased Premises. A true and correct copy of the Lease is attached as Exhibit "B."

11. The Lease required the tenant to name the Gionis as additional insureds on all policies of insurance, including liability coverage.

12. The Lease was in full force and effect at the time of the incident on March 31, 2018 as alleged in the Underlying Action.

## THE AMGUARD POLICY

13. Pursuant to the terms of the Lease, Fancy Varieties, Inc. purchased and obtained a policy of insurance with AmGUARD.

14. AmGUARD issued a Businessowner's Policy, policy no. FABP820838, to Fancy Varieties, Inc. with an effective policy period of October 2, 2017 to October 2, 2018 ("the AmGUARD Policy"), a copy of which is attached as Exhibit "C."

15. The AmGUARD Policy contains an endorsement entitled "Additional Insured – Managers or Lessors of Premises." The Schedule of this endorsement specifically designated the Gionis as additional insureds and the Leased Premises located at 168-30 Hillside Avenue, Jamaica, New York 11432. This endorsement further provides as follows:

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

…

A. The following is added to Paragraph **C. Who Is An Insured** in **Section II – Liability**:

3. The person or organization shown in the Schedule is also an insured, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to you and shown in the Schedule.

…

3

16. The AmGUARD Policy was in full force and effect at the time of the incident on March 31, 2018 as alleged in the Underlying Action.

## THE TRAVELERS POLICY

17. Travelers issued a Commercial Insurance, policy no. I-660-166R8795-TIL-17, to the Gionis with an effective policy period of April 16, 2017 to April 16, 2018 (the "Travelers Policy").

18. The "Commercial General Liability Coverage Form" of the Travelers Policy provides:

…

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**
…
    **4. Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under Coverage **A** or **B** of this Coverage Part, our obligations are limited as follows:

    **a. Primary Insurance**

This insurance is primary when b. below applies. …

    **b. Excess Insurance**

This insurance is excess over:

…

(2) Any other primary insurance available to you covering liability for damages arising out of the premises or operations for which you have been added as additional insureds by attachment of an endorsement.

When this insurance is excess, we will have not duty under Coverage **A** or **B** to defend the insured against any "suit: if any other insurer has a duty to defend the insured against that "suit." If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers. …

4

19. The Travelers Policy was in full force and effect at the time of the incident on March 31, 2018 as alleged in the Underlying Action.

## TENDERS TO AMGUARD

20. The Gionis, as the premises owners and lessors of the Leased Premises, are "insureds" under the AmGUARD Policy.

21. By letter dated August 29, 2019, Travelers tendered on behalf of the Gionis the claim asserted in the Underlying Action to Fancy Varieties, Inc. for defense and indemnity on multiple occasions.

22. By letter dated March 12, 2020, Travelers renewed its tender on behalf of the Gionis the claim asserted in the Underlying Action to Fancy Varieties, Inc. for defense and indemnity on multiple occasions.

23. By letter dated March 16, 2020, Travelers tendered on behalf of the Gionis the claim asserted in the Underlying Action to AmGUARD, as the insurer of Fancy Varieties, Inc., for defense and indemnity on multiple occasions.

24. By letter dated January 12, 2021, Travelers renewed its tender on behalf of the Gionis the claim asserted in the Underlying Action to AmGUARD, as the insurer of Fancy Varieties, Inc., for defense and indemnity on multiple occasions.

25. AmGUARD, on behalf of Fancy Varieties, Inc., has not accepted the tenders made by Travelers on behalf of the Gionis

26. AmGUARD has refused to provide coverage to its insureds, the Gionis, under the AmGUARD Policy.

## CAUSE OF ACTION FOR DECLARATORY RELIEF

27. Travelers realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 26 as though fully set forth herein.

28. As the property owner and lesser of the Lease Premises, the Gionis are insureds under the AmGUARD Policy pursuant to the "Additional Insured – Managers or Lessors of Premises" endorsement to that policy.

29. Because the Gionis are insureds under the AmGUARD Policy, AmGUARD owes coverage, including defense and indemnity, for the Underlying Action to the Gionis, including any damages found or levied against the Gionis up to the respective limits of the AmGUARD Policy.

30. The coverage provided to the Gionis under the AmGUARD Policy is primary to any coverage provided by the Travelers Policy.

31. Because the coverage provided by AmGUARD to the Gionis is primary to any coverage provided by Travelers, Travelers is entitled to recoup any sums it has incurred and will incur in defending the claims against the Gionis in the Underlying Action.

32. Because the coverages provided by AmGUARD to the Gionis are primary to any coverage provided by Travelers, Travelers is entitled to recoup any sums it incurs, if any, in the Gionis for the claims in the Underlying Action, which should have been paid by AmGUARD up to the respective limits of the AmGUARD Policy.

33. An actual controversy exists between Travelers, on the one hand, and AmGUARD, on the other, as Travelers contends, and AmGUARD disputes, that AmGUARD is obligated to defend and indemnify the Gionis in the Underlying Action up to the respective limits of the AmGUARD Policy.

34. A judicial declaration is necessary and appropriate at this time to determine the respective rights and duties of the parties involved and to determine AmGUARD's responsibility to defend and indemnify the Gionis against the allegations made and damages asserted against the Gionis in the Underlying Action.

35. Accordingly, Travelers seeks a declaration that AmGUARD has an obligation to defend and indemnify the Gionis as insureds under the AmGUARD Policy; that the coverages provided by the AmGUARD Policy to the Gionis are primary; and that the obligations of Travelers to the Gionis in the Underlying Action are excess to proper exhaustion and full payment of the respective limits of the AmGUARD Policy by means of a verdict, judgment, or settlement.

36. In addition, Travelers seeks an award at law and in equity against AmGUARD for recovery of all sums that Travelers has paid or will pay to defend the Gionis and to settle and resolve the claims against the Gionis in the Underlying Action because the coverages provided by the AmGUARD Policy are primary to any coverage provided by Travelers. In the alternative, Travelers seeks contribution from and an award at law and in equity against AmGUARD for its applicable share of the defense costs and total settlement sum paid or to be paid by Travelers to defend the Gionis and to resolve the claims against the Gionis in the Underlying Action.

## **PRAYER**

WHEREFORE, Travelers respectfully requests that this Honorable Court issue a judgment as follows:

1. Declaring that the Gionis are insureds under the AmGUARD Policy to whom AmGUARD owes coverage with respect to the Underlying Action;

2. Declaring that AmGUARD has a duty to defend the Gionis in the Underlying Action;

7

3. Declaring that AmGUARD has a duty to indemnify the Gionis in the Underlying Action up to and including the respective policy limits of the AmGUARD Policy;

4. Declaring that all coverage owed by AmGUARD to the Gionis with respect to the Underlying Action is primary to any coverage provided by Travelers to the Gionis;

5. Declaring that the obligations of Travelers to the Gionis in the Underlying Action are excess to proper exhaustion and full payment of the retained limit of the Travelers Policy and the respective limits of the AmGUARD Policy by means of a verdict, judgment, or settlement;

6. Awarding judgment against AmGUARD in an amount equal to the sums that Travelers incurred and continues to incur in defending the claims against the Gionis in the Underlying Action.

7. Awarding judgment against AmGUARD in an amount equal to any sums that Travelers may incur to resolve and indemnify the Gionis for the claims in the Underlying Action.

8. Granting an award in favor of Travelers for the costs of suit incurred herein; and

9. Granting such other and further relief as the Court may deem just and proper.

Dated: July 16, 2021             **RESPECTFULLY SUBMITTED:**

                                           **REID & ASSOCIATES**

By:    /s/Brent S. Usery
        Brent S. Usery, Esq.
        Attorneys for Travelers Property Casualty
        Company of America
        Direct : 917.778.6415
        Fax : 844.571-3789
        Email: busery@travelers.com

        <u>Please address all correspondence sent by mail to:</u>
        P.O. Box 2996
        Hartford, CT 06104-2996

        <u>Physical Address:</u>
        485 Lexington Avenue, 6th Floor
        New York NY 10017