SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------x
BEVERLY WILLIAMS,

Plaintiff,

-against-

ANGELO GIONIS, PAULINE GIONIS, FANCY
VARIETIES INC., THE CITY OF NEW YORK and
NEW YORK CITY DEPARTMENT OF
TRANSPORTATION,

Defendants.

-----------------------------------------------------------------x

Index No.: 709672 ~~~~
Date Filed: 6/3/19

Plaintiff designates QUEENS
County as the place of trial

The basis of the venue is
Plaintiff's Residence

## *S U M M O N S*

Plaintiff resides at
87-84 165th Street, Apt. 206
Jamaica, NY 11432

**COUNTY OF QUEENS**

TO THE ABOVE NAMED DEFENDANTS:

   ***YOU ARE HEREBY SUMMONED*** to answer the Complaint in this action and to serve
a copy of your Answer, or, if the Complaint is not served with this summons, to serve a notice
of appearance, on the plaintiff's attorneys within 20 days after the service of this summons,
exclusive of the day of service (or within 30 days after the service is complete if this summons
is not personally delivered to you within the State of New York); and in case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded in the
Complaint.

DATED:   New York, New York
            May 31, 2019

**Defendants' Addresses:**

**ANGELO GIONIS**
210 East Dover Street
Valley Stream, NY 11580
And Via Secretary of State

**PAULINE GIONIS**
210 East Dover Street
Valley Stream, NY 11580
And Via Secretary of State

**FANCY VARIETIES INC.**
168-30 Hillside Avenue
Jamaica, NY 11432

LIPSIG, SHAPEY, MANUS & MOVERMAN, P.C.

By _James Neville_
        JAMES D. NEVILLE, ESQ.
        Attorneys for Plaintiff
        40 Fulton Street, 25th Floor
        New York, NY  10038
        (212) 285-3300

**THE CITY OF NEW YORK**
100 Church Street
New York, NY 10007

**NEW YORK CITY DEPARTMENT OF TRANSPORTATION**
55 Water Street
New York, NY 10041

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------x

BEVERLY WILLIAMS,

               Plaintiff,

        -against-

ANGELO GIONIS, PAULINE GIONIS, FANCY
VARIETIES INC., THE CITY OF NEW YORK and
NEW YORK CITY DEPARTMENT OF
TRANSPORTATION,

             Defendants.
-------------------------------------------------------------x

**VERIFIED COMPLAINT**

Index No.: 709672

Date filed: 6/3/19

Plaintiff, BEVERLY WILLIAMS, by her attorneys, LIPSIG, SHAPEY, MANUS & MOVERMAN, P.C., as and for her Verified Complaint, alleges the following, upon information and belief:

1.     That at all times hereinafter mentioned, plaintiff, BEVERLY WILLIAMS was and still is a resident of the County of Queens, City and State of New York.

2.     That at all times hereinafter mentioned, defendant, ANGELO GIONIS (hereinafter referred to as "ANGELO") was and still is a resident of the County of Nassau, City and State of New York.

3.     That at all times hereinafter mentioned, defendant, PAULINE GIONIS (hereinafter referred to as "PAULINE") was and still is a resident of the County of Nassau, City and State of New York.

4.     That at all times hereinafter mentioned, defendant, FANCY VARIETIES INC. (hereinafter referred to as "FANCY"), was and still is a domestic business corporation, duly organized and existing under and by virtue of the laws of the State of New York.

5.    That at all times hereinafter mentioned, FANCY, maintained an office for the transaction of business in the County of Queens, City and State of New York.

6.    Defendant, THE CITY OF NEW YORK (hereinafter referred to as "CITY") was and still is a municipal corporation duly organized and existing under and pursuant to the Laws of the State of New York.

7.    Defendant, NEW YORK CITY DEPARTMENT OF TRANSPORTATION (hereinafter referred to as "NYCDOT") is a municipal agency organized by and operating under the authority of CITY.

8.    On June 26, 2018, plaintiff duly filed with the CITY and NYCDOT a verified Notice of Claim setting forth the time when and place where the accident which is the subject of this lawsuit occurred, the nature and extent of the injuries and damages sustained and the amount claimed.

9.    Said claim was presented within ninety (90) days after the cause of action herein occurred.

10.    More than thirty (30) days have elapsed since such presentation of said claims, and defendants have not adjusted the same and have failed and neglected to make any payment of such claim and cause of action.

11.    A hearing was held pursuant to Section 50-h of the General Municipal Law on September 20, 2018.

12.    This action is commenced within one year and ninety days after the date of the occurrence.

13. On or about March 31, 2018, the CITY owned the sidewalk located adjacent to the premises known as 168-30 Hillside Avenue, Jamaica, New York 11432, said sidewalk being located on 168th Place in the County of Queens, City and State of New York.

14. On or about March 31, 2018, the CITY managed the aforementioned sidewalk.

15. On or about March 31, 2018, the CITY maintained the aforementioned sidewalk.

16. On or about March 31, 2018, the CITY operated the aforementioned sidewalk.

17. On or about March 31, 2018, the CITY controlled the aforementioned sidewalk.

18. On or about March 31, 2018, the CITY had the duty to repair the aforementioned sidewalk.

19. On or about March 31, 2018, the CITY had the duty to inspect the aforementioned sidewalk.

20. On or about March 31, 2018, the CITY, its agents, servants, and/or employees were negligent, reckless and careless in its ownership, operation, management, maintenance, control, repair and inspection the aforementioned sidewalk.

21. On or about March 31, 2018, the CITY, its agents, servants, and/or employees were negligent in causing, creating and/or allowing a hazardous and/or unsafe condition in allowing said sidewalk, to be, become and remain in a broken, cracked, worn and uneven condition.

22. On or about March 31, 2018, the CITY, its agents, servants, and/or employees were negligent in allowing the aforementioned hazardous and/or unsafe condition to remain at the aforementioned sidewalk.

23.   On or about March 31, 2018, the CITY, its agents, servants, and/or employees were negligent in that they knew, or should have known, about the hazardous and/or unsafe condition at the aforementioned sidewalk.

24.   On or about March 31, 2018, NYCDOT owned the sidewalk located adjacent to the premises known as 168-30 Hillside Avenue, Jamaica, New York 11432, said sidewalk being located on 168th Place in the County of Queens, City and State of New York.

25.   On or about March 31, 2018, NYCDOT managed the aforementioned sidewalk.

26.   On or about March 31, 2018, NYCDOT maintained the aforementioned sidewalk.

27.   On or about March 31, 2018, NYCDOT operated the aforementioned sidewalk.

28.   On or about March 31, 2018, NYCDOT controlled the aforementioned sidewalk.

29.   On or about March 31, 2018, NYCDOT had the duty to repair the aforementioned sidewalk.

30.   On or about March 31, 2018, NYCDOT had the duty to inspect the aforementioned sidewalk.

31.   On or about March 31, 2018, NYCDOT, its agents, servants, and/or employees were negligent, reckless and careless in its ownership, operation, management, maintenance, control, repair and inspection the aforementioned sidewalk.

32.   On or about March 31, 2018, NYCDOT, its agents, servants, and/or employees were negligent in causing, creating and/or allowing a hazardous and/or unsafe condition in allowing said sidewalk to be, become and remain in a broken, cracked, worn and uneven condition.

33.    On or about March 31, 2018, NYCDOT, its agents, servants, and/or employees were negligent in allowing the aforementioned hazardous and/or unsafe condition to remain at the aforementioned sidewalk.

34.    On or about March 31, 2018, NYCDOT, its agents, servants, and/or employees were negligent in that they knew, or should have known, about the hazardous and/or unsafe condition at the aforementioned sidewalk.

35.    On or about March 31, 2018, ANGELO owned the sidewalk located adjacent to the premises known as 168-30 Hillside Avenue, Jamaica, New York 11432, said sidewalk being located on 168th Place in the County of Queens, City and State of New York.

36.    On or about March 31, 2018, ANGELO managed the aforementioned sidewalk.

37.    On or about March 31, 2018, ANGELO maintained the aforementioned sidewalk.

38.    On or about March 31, 2018, ANGELO operated the aforementioned sidewalk.

39.    On or about March 31, 2018, ANGELO controlled the aforementioned sidewalk.

40.    On or about March 31, 2018, ANGELO had the duty to repair the aforementioned sidewalk.

41.    On or about March 31, 2018, ANGELO had the duty to inspect the aforementioned sidewalk.

42.    On or about March 31, 2018, ANGELO, his agents, servants, and/or employees were negligent, reckless and careless in its ownership, operation, management, maintenance, control, repair and inspection the aforementioned sidewalk.

43.    On or about March 31, 2018, ANGELO, his agents, servants, and/or employees were negligent in causing, creating and/or allowing a hazardous and/or unsafe condition in

allowing said sidewalk to be, become and remain in a broken, cracked, worn and uneven condition.

44.   On or about March 31, 2018, ANGELO, his agents, servants, and/or employees were negligent in allowing the aforementioned hazardous and/or unsafe condition to remain at the aforementioned sidewalk.

45.   On or about March 31, 2018, ANGELO, his agents, servants, and/or employees were negligent in that they knew, or should have known, about the hazardous and/or unsafe condition at the aforementioned sidewalk.

46.   On or about March 31, 2018, PAULINE owned the sidewalk located adjacent to the premises known as 168-30 Hillside Avenue, Jamaica, New York 11432, said sidewalk being located on 168th Place in the County of Queens, City and State of New York.

47.   On or about March 31, 2018, PAULINE managed the aforementioned sidewalk.

48.   On or about March 31, 2018, PAULINE maintained the aforementioned sidewalk.

49.   On or about March 31, 2018, PAULINE operated the aforementioned sidewalk.

50.   On or about March 31, 2018, PAULINE controlled the aforementioned sidewalk.

51.   On or about March 31, 2018, PAULINE had the duty to repair the aforementioned sidewalk.

52.   On or about March 31, 2018, PAULINE had the duty to inspect the aforementioned sidewalk.

53.   On or about March 31, 2018, PAULINE, her agents, servants, and/or employees were negligent, reckless and careless in its ownership, operation, management, maintenance, control, repair and inspection the aforementioned sidewalk.

54.     On or about March 31, 2018, PAULINE, her agents, servants, and/or employees were negligent in causing, creating and/or allowing a hazardous and/or unsafe condition in allowing said sidewalk to be, become and remain in a broken, cracked, worn and uneven condition.

55.     On or about March 31, 2018, PAULINE, her agents, servants, and/or employees were negligent in allowing the aforementioned hazardous and/or unsafe condition to remain at the aforementioned sidewalk.

56.     On or about March 31, 2018, PAULINE, her agents, servants, and/or employees were negligent in that they knew, or should have known, about the hazardous and/or unsafe condition at the aforementioned sidewalk.

57.     On or about March 31, 2018, FANCY owned the sidewalk located adjacent to the premises known as 168-30 Hillside Avenue, Jamaica, New York 11432, said sidewalk being located on 168th Place in the County of Queens, City and State of New York.

58.     On or about March 31, 2018, FANCY was the lessee of the aforesaid premises.

59.     On or about March 31, 2018, FANCY managed the aforementioned sidewalk.

60.     On or about March 31, 2018, FANCY maintained the aforementioned sidewalk.

61.     On or about March 31, 2018, FANCY operated the aforementioned sidewalk.

62.     On or about March 31, 2018, FANCY controlled the aforementioned sidewalk.

63.     On or about March 31, 2018, FANCY had the duty to repair the aforementioned sidewalk.

64.     On or about March 31, 2018, FANCY had the duty to inspect the aforementioned sidewalk.

65.    On or about March 31, 2018, FANCY, its agents, servants, and/or employees were negligent, reckless and careless in its ownership, operation, management, maintenance, control, repair and inspection the aforementioned sidewalk.

66.    On or about March 31, 2018, FANCY, its agents, servants, and/or employees were negligent in causing, creating and/or allowing a hazardous and/or unsafe condition in allowing said sidewalk to be, become and remain in a broken, cracked, worn and uneven condition.

67.    On or about March 31, 2018, FANCY, its agents, servants, and/or employees were negligent in allowing the aforementioned hazardous and/or unsafe condition to remain at the aforementioned sidewalk.

68.    On or about March 31, 2018, FANCY, its agents, servants, and/or employees were negligent in that they knew, or should have known, about the hazardous and/or unsafe condition at the aforementioned sidewalk.

69.    On or about March 31, 2018, while plaintiff, BEVERLY WILLIAMS was lawfully a pedestrian on the aforementioned sidewalk, she was caused to fall as a result of a defect and/or dangerous condition at the aforementioned location.

70.    That the aforementioned occurred as a result of the negligence, carelessness and recklessness of the defendants, their agents, servants and/or employees, in the ownership, maintenance, management, control, repair and inspection of the aforementioned sidewalk appurtenant to defendants' premises.

71.    That as a result of the foregoing, plaintiff, BEVERLY WILLIAMS was caused to be seriously injured.

72.    That by reason of the foregoing, plaintiff, BEVERLY WILLIAMS has been damaged in an amount in excess of the jurisdictional limits of all lower courts in which this action may otherwise have been brought.

73.    That the limitations on liability set forth in CPLR Section 1601 do not apply to this action.

74.    That the limitations on liability set forth in CPLR Section 1601 do not apply to this action by reason of one or more of the exemptions set forth in CPLR Section 1602.

WHEREFORE, plaintiff, BEVERLY WILLIAMS demands judgment against the defendants in an amount in excess of the jurisdictional limits of all lower courts in which this action may otherwise have been brought, together with the costs and disbursements of this action.

DATED:   New York, New York
         May 31, 2019

LIPSIG, SHAPEY, MANUS & MOVERMAN, P.C.

By _____
      JAMES D. NEVILLE, ESQ.
      Attorneys for Plaintiff
      40 Fulton Street, 25th Floor
      New York, NY 10038
      (212) 285-3300

## **VERIFICATION**

JAMES D. NEVILLE, an attorney duly admitted to practice law in the State of New York, affirms the following under penalty of perjury:

I am a member of the law firm of LIPSIG, SHAPEY, MANUS & MOVERMAN, P.C., attorneys for the plaintiffs herein.

I have read the foregoing Complaint and know the contents thereof, and upon information and belief your affirmant believes the matters therein alleged to be true.

The reason this verification is made by your affirmant and not the plaintiffs herein is that plaintiffs herein reside in a county other than that in which your affirmant maintains his offices.

The source of your affirmant's information and the grounds of his belief are communications, papers, reports and investigations contained in the file.

DATED: New York, New York
       May 31, 2019

JAMES D. NEVILLE, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF     QUEENS

INDEX   709672/2019

BEVERLY WILLIAMS

          AGAINST

PLAINTIFF/PETITIONER

ANGELO GIONIS ET AL

DEFENDANT/RESPONDENT

### NOTICE OF ELECTRONIC FILING (Mandatory Case) (Uniform Rule § 202.5-bb)

You have received this Notice because:
     1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and
     2) You are a Defendant/Respondent (a party) in this case.

*If you are represented by an attorney:
     Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

*If you are not represented by an attorney:
     You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.

If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.

The benefits of participating in e-filing include:
         *serving and filing your documents electronically
         *free access to view and print your e-filed documents
         *limiting your number of trips to the courthouse
         *paying any court fees on-line (credit card needed)

To register for e-filing or for more information about how e-filing works:
         *visit: www.nycourts.gov/efile-unrepresented or
         *contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

Information for Attorneys (E-filing is Mandatory for Attorneys)

An attorney representing a party who is served with this notice must either:
     1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or
     2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).


DATE:     6/3/2019

*LIPSIG SHAPEY MANUS & MOVERMAN P.C.*

LIPSIG SHAPEY MANUS & MOVERMAN P.C.
40 FULTON STREET
NEW YORK, NY 10038
Tel: 212-285-3300